T.C. Memo. 1995-466

UNITED STATES TAX COURT

JOSEPH GREEN AND FE GREEN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18985-94.                    Filed October 2, 1995.

Joseph Green, for petitioners.

Steven W. Ianacone, for respondent.

MEMORANDUM OPINION

DAWSON, Judge:  This case was assigned to Chief Special Trial Judge Peter J. Panuthos, pursuant to the provisions of section 7443(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

---

[1]    Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge:  This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction.

The facts pertinent to the disposition of this matter are summarized below.

Background

Respondent determined deficiencies in petitioners' Federal income taxes, an addition to tax, and a penalty as follows:

| Year | Deficiency | Addition to Tax Sec. 6661 | Penalty Sec. 6662(a) |
|------|-----------|---------------------------|----------------------|
| 1988 | $11,846.82 | $2,961.71 | --- |
| 1990 | 10,076.82 | --- | $2,015.36 |

Duplicate notices of deficiency dated July 8, 1994, were sent to Fe Green (petitioner) and Joseph Green at 1503 Hastings Mill Road, Pittsburgh, Pennsylvania, and to P.O. Box 1136, Cherry Hill, New Jersey.  United States Postal Service Form 3877 (Form 3877) reflects that the notices of deficiency were mailed on July 8, 1994.  On June 24, 1993, approximately one year prior to the mailing of the notices of deficiency, petitioner notified the Internal Revenue Service Appeals Office in Newark, New Jersey (Appeals), by letter, of Joseph Green's new address in Lyndhurst, New Jersey.  No notice of deficiency was sent to Joseph Green's Lyndhurst, New Jersey, address.

Petitioners filed a petition seeking a redetermination of their tax liability for 1988 and 1990.  At the time of filing the petition herein, petitioner resided in Pittsburgh, Pennsylvania,

and Joseph Green resided in Lyndhurst, New Jersey. The date October 7, 1994, is reflected on the petition next to the signature of each petitioner. The envelope in which the petition was mailed is postmarked October 9, 1994. The envelope is a "Priority Mail U.S. Postal Service" envelope. The petition was received and date stamped by the Court on October 13, 1994. The 90th day from July 8, 1994, was Thursday, October 6, 1994 (which was not a legal holiday in the District of Columbia).

In her motion to dismiss, respondent asserts that because the notice of deficiency was mailed on July 8, 1994, the filing of the petition on October 13, 1994, is untimely. Respondent further argues that even considering the U.S. Postal Service postmark reflected on the envelope in which the petition was contained (October 9, 1994), the petition is nevertheless untimely. At the hearing held on this matter, respondent conceded that the notice of deficiency mailed on July 8, 1994, with respect to Joseph Green is invalid, since it was not sent to his last known address. Petitioner asserts that the envelope containing the notice of deficiency is postmarked July 12, 1994, and, therefore, her petition, mailed October 9, 1994, was timely filed. No evidence (either a postmarked envelope, testimony, or an affidavit) were offered to support petitioner's allegations.[2]

---

[2] Petitioner did not appear at the hearing on respondent's Motion to Dismiss. By order dated June 12, 1995, petitioner was given an opportunity to submit a report on or before July 12, 1995, pertaining to the allegation that the notice of deficiency was mailed sometime after July 8, 1994. The order, sent by certified mail, was returned to the Court on Aug. 18, 1995,

(continued...)

Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes respondent, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if respondent mails the notice of deficiency to the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If a notice of deficiency is mailed to the taxpayer's last known address, actual receipt of the notice is immaterial. King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra at 52. The taxpayer, in turn, has 90 days from the date the notice of deficiency was mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a).

"In the absence of contrary evidence, Form 3877 is proof of mailing of the notice of deficiency." Carlyle v. Commissioner, T.C. Memo. 1993-176 (citing United States v. Zolla, 724 F.2d. 808, 810 (9th Cir. 1984)); see also Cataldo v. Commissioner, 60 T.C. 522, 524 (1973), affd. per curiam 499 F.2d 550 (2d Cir.

(...continued)
unclaimed by petitioner.

1974); <u>Massie v. Commissioner</u>, T.C. Memo. 1995-173. The notice of deficiency was mailed on July 8, 1994, as reflected on Form 3877. The statutory 90-day period for timely filing a petition with this Court expired on October 6, 1994.

As indicated above, this Court does not have jurisdiction to redetermine the deficiency unless petitioner can demonstrate that the petition was timely filed. Petitioner has not produced any evidence which would indicate another date of the mailing of the notice of deficiency. Accordingly, the petition was not filed within the 90-day period pursuant to section 6213. Respondent's motion to dismiss on the basis of petitioner's failure to timely petition this Court is granted.[3]

We have found that the notice of deficiency was mailed on July 8, 1994. Respondent has indicated that she concedes that the notice of deficiency was not issued to the last known address of Joseph Green. Accordingly, this matter will be dismissed for lack of jurisdiction as to Joseph Green on the basis that no valid notice of deficiency was issued to petitioner Joseph Green at his last known address.[4]

_____

[3] Although petitioner cannot pursue her case in this Court, she is not without a remedy. In short, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the Federal District Court or the United States Court of Federal Claims. See <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970).

[4] It is well established that this Court has jurisdiction to determine whether we have jurisdiction over a particular case. <u>Brannon's of Shawnee, Inc. v. Commissioner</u>, 69 T.C. 999 (1978). However, since we have determined that we do not have jurisdiction, we cannot consider other arguments made by
(continued...)

<u>An order of dismissal will
be entered</u>.

---

(...continued)
petitioners relating to respondent's alleged violation of
administrative procedures and policies.